IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID DEWEES RICHARDSON       :
    Petitioner,
                                                             CIVIL ACTION
                                                              :      NO. 10-2502
    v.

JOSEPH F. MAZURKIEWICZ, JR., et al.    :
    Respondents.

**<u>ORDER</u>**

AND NOW, this 22nd day of December, 2010, upon consideration of: David Richardson's Petition for Writ of Habeas Corpus (Doc. No. 1); Respondents' Answer thereto (Doc. No. 7); Petitioner's Response to Respondents' Answer (Doc. Nos. 8 & 9); Magistrate Judge Arnold C. Rapoport's Report and Recommendation (Doc. No. 10); and, Petitioner's Objections thereto (Doc. No. 11), it is hereby ORDERED and DECREED that:

    (1)    Defendant's Objection regarding the issue of "inordinate delay" is OVERRULED and the Magistrate's Report and Recommendation is APPROVED and ADOPTED;[1]

---

[1] Petitioner herein objects to the Honorable Rapoport's finding of no "inordinate delay" with regard to the state court's disposition of Petitioner's collateral claims. In his originally-filed Petition, Petitioner similarly alleged that he did not exhaust his state remedies because of "inordinate delay in rendering decision on this PCRA claim by the trial court." (Doc. No. 1, p. 8). As such, Judge Rapoport thoroughly addressed this issue throughout the majority of his Report and discussed the same case law relied upon by Petitioner in his Objection. This Court notes that:

> Federal Rule of Civil Procedure 72 provides that a party may serve and file "specific written objections to the proposed findings and recommendations." Local Rule of Civil Procedure 72.1 goes on to indicate that such written objections "shall specifically identify the portions of the proposed findings,

(continued...)

(2) Petitioner's Petition is DISMISSED WITHOUT PREJUDICE and without an evidentiary hearing;

(3) There exists no substantial showing of the denial of a constitutional right which would require the issuance of a certificate of appealability; and,

(4) The Clerk shall close this matter for statistical purposes.

BY THE COURT:


/s/ C. Darnell Jones, II  J.

---

¹(...continued)
    recommendations or report to which objection is made and the basis for such objections." In other words, an objecting party must identify specific errors in the magistrate judge's analysis without simply rehashing arguments already raised to the magistrate judge.

    *.*.*.*.

    Repeatedly, courts, both within and outside of the Third Circuit, have held that objections which merely rehash an argument presented to and considered by a magistrate judge are not entitled to de novo review.

*Morgan v. Astrue*, 2009 U.S. Dist. LEXIS 101092, at ** 7-8 (E.D. Pa. Oct. 30, 2009)(citations omitted).

    Inasmuch as the exact issue that forms the basis for Petitioner's Objection has already been presented to and considered by Judge Rapoport and Petitioner is not presenting any new information that has not already been considered, said Objection is not entitled to de novo review. Moreover, after reviewing the record for its own edification, this Court finds that under any circumstances, Petitioner's Objection is without merit and must be overruled. As Judge Rapoport correctly pointed out, the trial court has recently taken steps to advance its disposition of Petitioner's claims at the state level and Petitioner's numerous *pro se* filings throughout the collateral review process have no doubt hindered the trial court's ability to more expeditiously dispose of the Petition at issue.